**DANVERS PATHOLOGY ASSOCIATES, INC., and Hunt Memorial Hospital, Plaintiffs,**

v.

**Thomas H. SPIRITO, Commissioner of the Department of Public Welfare of the Commonwealth of Massachusetts, and the Department of Public Welfare of the Commonwealth of Massachusetts, Defendants.**

Civ. A. No. 80–702–Mc.

United States District Court, D. Massachusetts.

May 13, 1983.

Ellen L. Janos, Asst. Atty. Gen., Boston, Mass., for defendants.

Paul L. Kenny, Town Counsel, Danvers, Mass., for intervenor.

Barbara L. Moore, Hale & Dorr, Boston, Mass., for plaintiffs.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter came on to be heard on cross-motions for summary judgment on Count II of the complaint. At the heart of the motions is a controversy over the interpretation to be given to a section of the Medicaid statute, 42 U.S.C. § 1396a(a)(32). That section provides in pertinent part,

(a) A State plan for medical assistance must—

(32) provide that no payment under the plan for any care or service provided to an individual shall be made to anyone other than such individual or the person or institution providing such care or service, under an assignment or power of attorney or otherwise; except that—

(A) in the case of any care or service provided by a physician, dentist, or other individual practitioner, such payment may be made (i) to the employer of such physician, dentist, or other practitioner if such physician, dentist, or practitioner is required as a condition of his employment to turn over his fee for such care or service to his employer, or (ii) (where the care or service was provided in a hospital, clinic, or other facility) to the facility in which the care or service was provided if there is a contractual arrangement between such physician, dentist, or practitioner and such facility under which such facility submits the bill for such care or service; ...

I.

Danvers Pathology Associates, Inc. (Pathology) is a professional corporation which provides pathology laboratory services to patients at Hunt Memorial Hospital (Hunt). Pathology is physically located within the hospital.

From 1965 or 1966 until 1974, Pathology, pursuant to an agreement with Hunt, provided pathology lab services to Hunt in a laboratory owned and operated by Hunt and using Hunt's equipment. Pathology billed Hunt for its services and was reimbursed on a monthly basis. From 1974 to 1978 Pathology billed the Department of Public Welfare (Department) directly for the services performed for Hunt Medicaid patients. That arrangement ended in 1978 and the Department paid Hunt, which in turn reimbursed Pathology for those services.

Beginning in May of 1979, Pathology assumed all costs associated with the opera-

tion of the laboratory. It billed insurers and patients directly for laboratory services, with the exception of Medicaid patients. The Department refuses to grant Pathology a provider number and to pay Pathology directly for services provided to Hunt's Medicaid patients.

Since Hunt has not and, it argues, cannot claim costs for the operation of a laboratory, it receives no reimbursement for pathology laboratory services provided to its Medicaid patients. As a result, since October 1, 1981 neither Pathology nor Hunt has received reimbursement from the Department for pathology lab services performed by Pathology for Hunt Medicaid patients.

## II.

The plaintiffs argue that § 1396a(a)(32) is clear and unambiguous and requires that payment for medical services be made only to the person or institution which provides those services, with a few exceptions not applicable in this case. Since the mandate is clear, contend the plaintiffs, the Department must pay Pathology directly for the services which it provides to Hunt patients.

The Department says that the section allows payment to the "individual or the person or institution providing such care or service." That language, according to the defendants, clearly permits payment to hospitals for laboratory services which they routinely provide to their patients. It is the intent of the statute, say the defendants, that laboratory services be billed by the hospitals as a hospital service.

I agree with the plaintiffs' interpretation of § 1396a(a)(32). That section clearly mandates that payment for medical services be made only to the provider of those services, with explicit exceptions. In this case, Pathology is unquestionably the provider of the pathology laboratory services for Hunt Medicaid patients; therefore, unless one of the enumerated exceptions applies, payment must be made to Pathology.

The first exception clearly is not applicable on the facts of this case; however, the second arguably does apply. Section 1396a(a)(32)(A)(ii) provides that when a service is provided by a physician, dentist, or other individual practitioner in a hospital, clinic, or other facility, payment may be made to the facility *if* there is a contractual agreement between the physician or practitioner and the facility whereby the facility submits the bill for the services. Assuming for purposes of this motion that Pathology is a "physician, dentist, or other individual practitioner", the second part of the requirement is not met in this case. Although there is an agreement between Pathology and Hunt regarding the provision of pathology lab services, that agreement does not permit Hunt to bill the Department for services performed by Pathology. This case, therefore, does not fall within the exceptions to the statute's mandate of direct payment to the provider of the services.

The fact that the Department is willing to reimburse Hunt, which in turn could pay Pathology for its services, does not alter in any way the mandate of direct payment contained in § 1396a(a)(32).

## III.

For the foregoing reasons, the defendants' motion for summary judgment is DENIED and the plaintiffs' motion for summary judgment on Count II is ALLOWED.